**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JERRY G. BUSH**                                                                                      **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 1:25-cv-286-TBM-RPM**

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte* on the *pro se* Plaintiff's failure to comply with Court orders [2] and [3]. Jerry G. Bush filed this action on September 23, 2025, against the Defendant United States of America for alleged negligence under the Federal Tort Claims Act. [1]. Ninety days after Bush filed his complaint, the docket did not reflect that he had issued summons to the Defendant or that summons had been returned executed. [2], p. 1 ("Rule 4(m) provides as follows: If a defendant is not served within 90 days after the complaint is filed[,] the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time."). On January 14, 2026, the Court entered an order [2] directing Bush to file a response and show good cause by January 28, 2026, why his lawsuit should not be dismissed for failure to timely serve process. *See* [2]. The order cautioned that Bush's failure to respond in the time allotted may result in the dismissal of his action without prejudice. *Id.* at p. 2. The Court mailed the order to Bush that same day. Bush did not respond.

The Court issued a second order to show cause [3] on February 9, 2026. It directed Bush to show good cause by February 23, 2026, why his lawsuit should not be dismissed without prejudice for failure to comply with the Court's first order to show cause [2] and failure to timely

serve process. [3], pps. 1-2. The Court mailed the second order to Bush that same day. To date, Bush has failed to comply with the Court's orders or otherwise litigate this action.

The Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute and obey the Court. FED. R. CIV. P. 41(b); *Connely v. City of Pascagoula*, No. 1:11-cv-293-HSO, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, in a manner to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hosp. Servs., LLC*, No. 1:14-cv-83-HSP, 2016 WL 3166581, at *2 (S.D. Miss. June 6, 2016) (citing *Link*, 370 U.S. at 630). Such a "sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.*

Since Bush has failed to comply with the Court's orders [2] and [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to respond to a Court order, and failure to timely serve process.

IT IS THEREFORE ORDERED AND ADJUDGED that this matter is DISMISSED WITHOUT PREJUDICE. This CASE is CLOSED.

This, the 16th day of March, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE